1  JEFFER MANGELS BUTLER & MITCHELL LLP
   MARTIN H. ORLICK (Bar No. 083908), mho@jmbm.com
2  STUART K. TUBIS (Bar No. 278278) skt@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:  (415) 398-8080
4  Facsimile:   (415) 398-5584

5  Attorneys for Defendants Shooters Cocktails and
   CircleCircle, LLC
6

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  GUY FAIRON,                          CASE NO.  8:18-cv-01319-JVS-JDE

            Plaintiff,                   **ANSWER OF DEFENDANTS TO**
12                                       **PLAINTIFF'S COMPLAINT FOR**
         v.                              **DAMAGES AND INJUNCTIVE**
13                                       **RELIEF**
    SHOOTERS COCKTAILS, a business
14  of unknown form; CIRCLECIRCLE,
    LLC, a California limited liability
15  company; and DOES 1-10, inclusive,   Complaint filed: July 30, 2018

16          Defendants.

17

18      Defendants Shooters Cocktails and Circlecircle, LLC ("**Defendants**"), hereby

19  answer the Complaint (the "**Complaint**") of Plaintiff Guy Fairon ("**Plaintiff**") as

20  follows.  Defendants further state that improvements to the accessible parking were

21  already well underway before Plaintiff filed this lawsuit. Attached as **Exhibit 1** is a

22  true and correct copy of the Building Permit issued on June 25, 2018 (over a month

23  before the Complaint was filed) for "Disabled Access Upgrades" at the property in

24  question.  Plaintiff is not the impetus for any changes to the property in question and

25  improvements to the accessibility conditions at the property in question, including

26  accessible parking, have been completed.  All accessible parking at the property in

27  question complies with the ADA and relevant laws.  **Thus, the claims Plaintiff**

28  **asserts in this lawsuit are moot, and this action should be dismissed.**

PRINTED ON
RECYCLED PAPER
43596967v1

                              - 1 –

JMBM | Jeffer Mangels Butler & Mitchell LLP

**PARTIES**

1.    In answer to Paragraph 1 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

2.    In answer to Paragraph 2 of the Complaint, Defendants admit that Plaintiff brings this action as a private attorney general in an attempt to enforce the ADA.

3.    In answer to Paragraph 3 of the Complaint, Defendants admit that Circlecircle, LLC owned the property located at or about 28752 Marguerite Parkway, Mission Viejo, CA 92692 (the "**Subject Property**") in May 2018.

4.    In answer to Paragraph 4 of the Complaint, Defendants admit the allegations of said paragraph.

5.    In answer to Paragraph 5 of the Complaint, Defendants admit that Shooters Cocktails operated the business (the "**Subject Business**") located on the Subject Property in May 2018.

6.    In answer to Paragraph 6 of the Complaint, Defendants admit the allegations of said paragraph.

7.    In answer to Paragraph 7 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

**JURISDICTION AND VENUE**

8.    In answer to Paragraph 8 of the Complaint, Defendants admit that subject-matter jurisdiction appears proper at this time.

9.    In answer to Paragraph 9 of the Complaint, Defendants deny that supplemental jurisdiction over Plaintiff's non-federal claims is proper at this time.

10.  In answer to Paragraph 10 of the Complaint, Defendants admit that venue appears to be proper in this Court.

**FACTUAL ALLEGATIONS**

11.  In answer to Paragraph 11 of the Complaint, Defendants lack information

PRINTED ON RECYCLED PAPER
43596967v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

12.  In answer to Paragraph 12 of the Complaint, Defendants admit that portions of the Subject Business and Subject Property are at times open to the public.

13.  In answer to Paragraph 13 of the Complaint, Defendants admit that parking spaces are provided at the Subject Property.

14.  In answer to Paragraph 14 of the Complaint, Defendants deny the allegations of said paragraph.

15.  In answer to Paragraph 15 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.  Defendants deny that it discriminated against Plaintiff or anyone else and denies any violation of law occurred.

16.  In answer to Paragraph 16 of the Complaint, Defendants deny the allegations of said paragraph.

17.  In answer to Paragraph 17 of the Complaint, Defendants deny the allegations of said paragraph.

18.  In answer to Paragraph 18 of the Complaint, Defendants deny the allegations of said paragraph.

19.  In answer to Paragraph 19 of the Complaint, Defendants deny the allegations of said paragraph.

20.  In answer to Paragraph 20 of the Complaint, Defendants deny the allegations of said paragraph.

21.  In answer to Paragraph 21 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

22.  In answer to Paragraph 22 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

PRINTED ON
RECYCLED PAPER
43596967v1

23.   In answer to Paragraph 23 of the Complaint, Defendants lack information and knowledge necessary to form a belief as to Plaintiff's allegations and on that basis deny the allegations therein.

24.   In answer to Paragraph 24 of the Complaint, Defendants deny that any such barriers exist and, therefore, deny the allegations of said paragraph.

25.   In answer to Paragraph 25 of the Complaint, Defendants deny the allegations of said paragraph.

26.   In answer to Paragraph 26 of the Complaint, Defendants deny that any such barriers exist and, therefore, deny the allegations of said paragraph.

27.   In answer to Paragraph 27 of the Complaint, Defendants deny that any such barriers exist and, therefore, deny the allegations of said paragraph.

28.   In answer to Paragraph 28 of the Complaint, Defendants deny that any such barriers exist and, therefore, deny the allegations of said paragraph.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. § 12181 et seq.

29.   In answer to Paragraph 29 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs as though fully set forth herein.

30.   In answer to Paragraph 30 of the Complaint, Defendants state the averments are conclusions of law which require no responsive pleading under the Federal Rules of Civil Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said paragraph.

31.   In answer to Paragraph 31 of the Complaint, Defendants state the averments are conclusions of law which require no responsive pleading under the Federal Rules of Civil Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said paragraph.

PRINTED ON

RECYCLED PAPER
43596967v1

32.  In answer to Paragraph 32 of the Complaint, Defendants state the averments are conclusions of law which require no responsive pleading under the Federal Rules of Civil Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said paragraph.

33.  In answer to Paragraph 33 of the Complaint, Defendants deny the allegations of said paragraph.

34.  In answer to Paragraph 34 of the Complaint, Defendants deny the allegations of said paragraph.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (UCRA), CALIFORNIA CIVIL CODE § 51 et seq.

35.  In answer to Paragraph 35 of the Complaint, Defendants hereby incorporate by reference each admission, denial, and each denial on information and belief, as well as all explanations regarding those allegations, made in response to all previous paragraphs as though fully set forth herein.

36.  In answer to Paragraph 36 of the Complaint, Defendants state the averments are conclusions of law which require no responsive pleading under the Federal Rules of Civil Procedure. To the extent a response is deemed necessary, Defendants deny the averments of said paragraph.

37.  In answer to Paragraph 37 of the Complaint, Defendants deny the allegations of said paragraph.

38.  In answer to Paragraph 38 of the Complaint, Defendants deny the allegations of said paragraph.

39.  Defendants deny Plaintiff's entitlement to the relief sought in the Prayer section of the Complaint.

WHEREFORE, Defendants pray for judgment as hereinafter set forth.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
43596967v1

## AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION

### FIRST AFFIRMATIVE DEFENSE

#### (Statutes Of Limitations)

1.     Defendants allege upon information and belief that the Complaint as a whole, and each cause of action asserted therein, is barred by the expiration of the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Mitigate Damages)

2.     Although Defendants deny that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendants allege, based on information and belief, that Plaintiff has failed to mitigate the purported damages and further alleges, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

#### (Reasonable Portion Of Facility Accessible)

3.     Defendants are informed and believe and thereon allege that the facility does not violate any codes, laws, regulations or provisions alleged in Plaintiff's Complaint by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by Plaintiff and other persons with disabilities.

### FOURTH AFFIRMATIVE DEFENSE

#### (Defendants' Good Faith Reliance Upon Municipal Permits/Vested Rights)

4.     Defendants allege, at all times relevant to the Complaint, Defendants have acted on good faith interpretations of disabled access laws and provisions and approvals and building permits issued by governmental agencies regarding disabled access elements of the Subject Property, which preclude or limit any recovery by Plaintiff based on the allegations of the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

#### (Equivalent Facilitation)

5.     Defendants allege, at all times relevant to the Complaint, that equivalent facilitations,

ANSWER TO COMPLAINT, CASE NO. 8:18-cv-01319-JVS-JDE

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON
RECYCLED PAPER
43596967v1

both in terms of policies, practices and procedures, and provisions of auxiliary aids and services, were made available to Plaintiff, as well as other similarly situated disabled individuals, which provide full and equal access to the facility.  Defendants' business does not violate any law, code, regulation, guideline or provision and accommodations normally sought and used by the public are accessible to and useable by persons with disabilities.  *See* ADAAG § 2.3 (equivalent access) and 28 C.F.R. 36.402 (readily accessible to the maximum extent feasible).

## SIXTH AFFIRMATIVE DEFENSE

### (Legitimate Business Purpose)

6.     Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the Complaint, to the extent Defendants committed any acts or omissions at all, were done in good faith reliance on validly issued building permits and a properly issued Certificate of Occupancy, pursuant to reasonable business justifications and do not constitute acts or omissions resulting in any discrimination against disabled persons or anyone else.

## SEVENTH AFFIRMATIVE DEFENSE

### (*De Minimis* Deviations)

7.     Defendants allege Plaintiff's Complaint as a whole, and the claims for relief contained therein, fail to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state or federal access laws, codes, regulations or guidelines or are within construction tolerances.  *Cherry v. City College of San Francisco*, 2006 WL 6602454 at *5-6 (N.D. Cal. January 12, 2006) (recognizing the ADA's allowance of reasonable variances and equivalent facilitations).

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack Of Standing For Injunctive Relief)

8.     Defendants allege that Plaintiff lacks standing to seek injunctive relief regarding alleged barriers that are unrelated to and do not impact Plaintiff's alleged disability, to the extent Plaintiff suffered any injury in fact.  Defendants allege Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is moot and entirely speculative and Plaintiff lacks standing to assert same.

JMBM | Jeffer Mangels Butler & Mitchell LLP

PRINTED ON

RECYCLED PAPER
43596967v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NINTH AFFIRMATIVE DEFENSE**

**(Standing-No Injury In Fact)**

9.      Defendants allege Plaintiff lacks standing because Plaintiff failed to suffer any injury in fact, and that Plaintiff failed to suffer an actual or imminent injury as required by applicable law.

**TENTH AFFIRMATIVE DEFENSE**

**(Not Readily Or Likely Achievable)**

10.      Defendants allege any further action by Defendants to ensure that no individual with a disability is excluded, denied services, or otherwise treated differently, would result in a fundamental alteration of its business, is not technically feasible, or is not structurally readily achievable.  Defendants do not assert the affirmative defense of financial ready achievability in this Action.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Request Modification to Policies, Practices, or Procedures)**

11.      Defendants allege that Plaintiff is unable to obtain injunctive relief regarding changes to Defendants' policies, practices, or procedures because Plaintiff failed to plead that Plaintiff requested of Defendants any specific and reasonable modification to a policy, practice or procedure as required by relevant law to obtain such relief and/or that Defendants declined the request. *See PGA Tour, Inc. v. Martin,* 532 US 661, 683 fn.38 (2001); *Anderson v. Ross Stores*, 2000 U.S. Dist. LEXIS 15487 (N.D. Cal. 2000).

Defendants expressly reserve the right to assert additional affirmative defenses as necessary.

WHEREFORE, Defendants pray:

1.      That Plaintiff's Complaint be dismissed;

2.      That Plaintiff take nothing by reason thereof;

3.      That judgment be entered in favor of Defendants;

4.      That Defendants be awarded their attorneys' fees and costs of suit; and

5.      For such other and further relief as the Court deems just and proper.

JMBM | Jeffer Mangels Butler & Mitchell LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DATED: October 5, 2018          JEFFER MANGELS BUTLER & MITCHELL LLP
                                MARTIN H. ORLICK
                                STUART K. TUBIS

                                By: */s/ Stuart K. Tubis*
                                        STUART K. TUBIS, ESQ.
                                Attorneys for Defendants Shooters Cocktails and
                                Circlecircle, LLC

PRINTED ON

RECYCLED PAPER
43596967v1

JMBM | Jeffer Mangels Butler & Mitchell LLP

# EXHIBIT 1



City of Mission Viejo
Building Division
200 Civic Center
Mission Viejo, CA 92691
(949) 470-3054

**POST IN A CONSPICUOUS PLACE ON THE JOB**

Pursuant of Sect. 6.35.070 of the City Municipal code; Hours of construction and related noise are 7 A.M. to 8 P.M. Monday thru Saturday excluding City Holidays.

## PERMIT NO: 129237
### DATE ISSUED: 6/25/2018
### 28752 MARGUERITE PKWY
### STEPHEN KRUGER/ANA KRUGER.JACOB
### LANDLORD VOLUNTARY SITE DISABLED ACCESS UPGRADES;FIELD VERIFY FOR CODE COMPLIANCE TENANT: AUTOMALL

| FIRE PROTECTION | | DATE | INSPECTOR |
|---|---|---|---|
| 34. | Underground Hydro | | |
| 35. | Product Piping ☐ Gas ☐ Oil | | |
| 36. | Undg. Storg. Tank ☐ Gas ☐ Oil | | |
| 37. | OCFA Fire Sprinkler Rough / Hydro | | |
| **38.** | **OCFA Fire Sprinkler Final** | | |
| **39.** | **OCFA Alarm / Monitoring Final** | | |
| **40.** | **OCFA PROJECT FINAL*** | | |
| *All other OCFA inspections are recorded on the OCFA inspection card. | | | |

| POOL AND SPA APPROVALS | | DATE | INSPECTOR |
|---|---|---|---|
| 41. | Pool & Equipment Location | | |
| 42. | Steel Reinforcement | | |
| 43. | Electrical Bonding | | |
| 44. | Rough Plumbing & Pressure Test | | |
| 45. | Electrical Conduit - Underground | | |
| 46. | Gas Pipe - Underground, Test | | |
| **47.** | **APPROVAL TO SHOTCRETE ☐ WQIF** | | |
| 48. | Pre-Deck | | |
| 49. | Backwash Lines, P-Trap, Underground | | |
| **50.** | **APPROVAL FOR PLASTERING** | | |
| 51. | Barriers and Access - Approval | | |
| **52.** | **FINAL POOL / SPA SYSTEM ☐ WQIF** | | |

### INSPECTIONS

| UNDERGROUND SUBSTRUCTURES | | DATE | INSPECTOR |
|---|---|---|---|
| 1. | Soil Pipe | | |
| 2. | Water Pipe / Under slab | | |
| 3. | Property Sewer / House Connection | | |
| 4. | Electrical Conduit | | |
| 5. | Gas Pipe – Test | | |

| FOOTINGS AND SLAB | | DATE | INSPECTOR |
|---|---|---|---|
| 6. | Footing & Steel ☐ UFER ☐ WQIF | | |
| 7. | Foundation / Slab on Grade | | |
| 8. | Pre-Grout / 1st lift    2nd lift | | |
| 9. | Caissons / Piers | | |

| FRAMING & SHEATHING | | DATE | INSPECTOR |
|---|---|---|---|
| 10. | Rough Framing | | |
| 11. | Floor Framing / Sheathing | | |
| 12. | Roof Framing / Sheathing | | |
| 13. | Interior Shear | | |
| 14. | Exterior Shear | | |

| MECHANICAL | | DATE | INSPECTOR |
|---|---|---|---|
| 15. | Rough Mechanical | | |
| 16. | Ducts, ventilating | | |
| 17. | Fire Dampers | | |

| ELECTRICAL | | DATE | INSPECTOR |
|---|---|---|---|
| 18. | Rough Electrical - conduit | | |
| 19. | Rough Electrical - Wiring | | |
| 20. | Meter Release | | |

| PLUMBING | | DATE | INSPECTOR |
|---|---|---|---|
| 21. | Gas Pipe - Rough / Test | | |
| 22. | Shower Pan Test | | |
| 23. | Rough Plumbing / Top Out | | |
| 24. | Roof Drains & Overflows | | |
| 25. | Gas Pipe Final / Test  Meter Release | | |

| THERMAL & MOISTURE PROTECTION COVERING | | DATE | INSPECTOR |
|---|---|---|---|
| 26. | Lath / Wrap - Exterior | | |
| 27. | Moisture Content Wall and Floor Framing 19% | | |
| 28. | Insulation | | |
| 29. | Drywall Nailing | | |
| 30. | T-Bar Ceiling / Elect / Mech. / Plumb | | |
| 31. | Lath / Cement Board - Interior | | |

| CALGREEN | | DATE | INSPECTOR |
|---|---|---|---|
| 32. | Building Maintenance & Operations Manual | | |
| 33. | VOC Limits | | |

| FINALS | | DATE | INSPECTOR |
|---|---|---|---|
| 53. | SMOKE & CARBON MONOXIDE DETECTORS | | |
| 54. | FINAL MECHANICAL ☐ HERS REPORT | | |
| 55. | FINAL ELECTRICAL | | |
| 56. | FINAL PLUMBING ☐ Water Conserv. Aff. | | |
| 57. | FINAL PHOTOVOLTAIC/GEOTHERMAL | | |
| 58. | FINAL SIGN | | |
| 59. | FINAL RE-ROOF | | |
| 60. | FINAL RETAINING WALL | | |
| 61. | FINAL WINDOWS AND DOORS | | |
| 62. | FINAL HOOD OR CANOPY | | |

| DEPARTMENT FINALS | | DATE | INSPECTOR |
|---|---|---|---|
| **63.** | **FINAL PLANNING / ZONING** | | |
| **64.** | **FINAL PUBLIC SERVICES / LANDSCAPE** | | |
| **65.** | **FINAL PUBLIC WORKS** | | |
| **66.** | **FINAL ENVIRONMENTAL HEALTH DEPT.** | | |
| **67.** | **TEMP CERTIFICATE OF OCCUPANCY** | | |
| **68.** | **CERTIFICATE OF OCCUPANCY** | | |
| **69.** | **FINAL BUILDING & STRUCTURE ☐ WQIF** | 8/1/18 | R |

NOTICE: After the Building Official inspects the building or structure and finds no code violations, this Inspection card shall serve as the Certificate of Occupancy for Residential use. (R-3)

| DATE: | NOTES: | INIT'L: |
|---|---|---|
| 7/11/18 | OK Forms | R |

INSPECTOR INTIALS & NAME (PRINT)

R Roy Barten ____ ____ ____

____ ____ ____ ____

INSPECTION REQUEST MUST BE MADE BY CALLING **(949) 222-4694** ANYTIME BEFORE 6:00 AM THE DAY OF YOUR REQUEST. PERMIT # AND JOB ADDRESS MUST BE PROVIDED FOR EACH INSPECTION.
PERMIT EXPIRES IF INSPECTIONS ARE NOT SCHEDULED EVERY 180 DAYS.

# PROOF OF SERVICE

## STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On October 5, 2018 I served the document(s) described as **ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** in this action addressed as follows:

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar no. 286879)
Caitlin J. Scott, Esq. (State Bar No. 310619)
MANNING LAW, APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
ADAPracticeGroup@manninglawoffice.com

☐ (BY MAIL) True and correct copies of the aforementioned document(s) were deposited, in a sealed envelope with postage thereon fully prepaid, with the U.S. Postal Service on that same day to be mailed via first class mail at San Francisco, California.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)) Pursuant to the controlling Rules, the aforementioned document(s) will be served by the court via NEF and proper link(s) to the document(s).

Executed on October 5, 2018 at San Francisco, California.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

*/s/ Darya Oborina*

Darya Oborina

ANSWER TO COMPLAINT, CASE NO. 8:18-cv-01319-JVS-JDE